F. Melvin HAGAN, Appellant,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellee.

No. 83–1114.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1983.

Decided Oct. 5, 1983.

Harold G. Johnson of Johnson & Hayes, St. Ann, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., for appellee; Paul P. Cacioppo, Re-

gional Atty., Region VII, D. Samuel Borin, on brief, Dept. of Health and Human Services, Kansas City, Mo., of counsel.

Before BRIGHT, ARNOLD and FAGG, Circuit Judges.

PER CURIAM.

This is an appeal from the judgment of the District Court[1] holding that substantial evidence supports the Secretary of Health and Human Services' determination that the plaintiff did not qualify for disability insurance under 42 U.S.C. § 423.

Plaintiff claims disability starting June 16, 1980, due to emphysema. The plaintiff is fifty-four years old and worked for thirty-four years as a carpet layer. He quit work as a carpet layer because of a respiratory problem excited by fumes emitted in the process of sealing pieces of carpet together.

Plaintiff raises three issues on appeal. First, he argues that there is no substantial evidence to support the Secretary's finding that he did not qualify for disability under 20 C.F.R. Pt. 404, Subpt. P, App. 1, Sec. 3, Tb. 1. Plaintiff bases this argument on a pulmonary-function study which indicated that his respiratory function was below the minimum levels prescribed by the regulation. The Secretary, however, was justified in discounting the results of this test, because the doctor administering the test noted that the plaintiff was not making a maximum respiratory effort, and because another test administered by plaintiff's own physician showed values above the minimum levels. Generally, in evaluating such evidence more weight is to be accorded the report of plaintiff's treating physician. See *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980).

Second, plaintiff argues that substantial evidence does not support the Secretary's finding that the plaintiff was literate and had transferable skills for purposes of determining disability under 20 C.F.R.

Pt. 404, Subpt. P, App. 2, Tb. 2. We again disagree. Evidence of plaintiff's literacy is provided by his testimony that he has a fifth-grade education, can follow diagrams and measurements quite well, and can "make things out" by picking through words. Tr. 27–28. And evidence that plaintiff possessed transferable skills was clearly brought out in the testimony of the vocational expert. Tr. 48–49.

Third, plaintiff argues that substantial evidence does not support the Secretary's finding that the plaintiff can perform light work in jobs that exist in significant numbers in the region in which the plaintiff resides and throughout the national economy. Specifically, plaintiff objects to the report of Dr. Klinge stating that "the patient would appear capable of employment restricted to light physical activity and not exposing himself to industrial dust or gases" (Tr. 92) because the doctor did not define what he meant by "light physical activity." Plaintiff argues that without such a definition we cannot discern whether the doctor believed that the plaintiff could do light work for a substantial period or for only short periods. While the doctor's report does contain this ambiguity, other evidence supports the Secretary's finding that the plaintiff was capable of doing light work for a substantial period. The plaintiff testified that he drives a motor vehicle daily, cuts grass, uses chain and hand saws to cut wood, loads and unloads wood, uses a sledge hammer to split wood, drives 158 miles to his trailer in the country, fishes, and receives only minimal therapy. While the plaintiff also stated that many of these activities leave him badly out of breath, he indicated that he can sit, stand, and walk, at least for short distances, without problem. Tr. 32.

Affirmed.

---

1. The Hon. James H. Meredith, Senior United States District Judge for the Eastern District of    Missouri.